## Carson's Estate.

*Wills—Rules of construction—Intention—Inequality of provisions.*

1. No rule of construction is to be applied to a will where on the question in issue the will construes itself.

2. Where it clearly appears by the terms of a will and codicil that the sons and daughters of a brother dying after the testator and leaving a widow to enjoy an annuity of $4,000 are not to receive anything until after her death, while their cousins, children of an uncle who died before the testator, are to enjoy an income during the lifetime of their mother, while she is enjoying an annuity, this apparent inequality being the creation of the testator himself, will not be changed by the court.

Argued Jan. 31, 1910. Appeal, No. 256, Jan. T., 1909, by the Real Estate Title Insurance & Trust Co., and Isabel Frances Carson, trustees, and Isabel Frances Carson, individually, from decree of O. C., Montgomery Co., Oct. T., 1908, No. 41, dismissing exceptions to adjudication in Estate of Robert N. Carson, deceased. Before BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Exceptions to adjudication of executors' accounts.
The facts appear in the opinion of the Supreme Court.

*Error assigned* was decree dismissing exceptions.

*John C. Bell,* with him *Paxson Deeter* and *Neville D. Tyson,* for appellants.—The will and codicil should be construed together and construed to effectuate the intent and general scheme of the testator: Ferry's App., 102 Pa. 207; Schott's Est., 78 Pa. 40; Findlay v. Riddle, 3 Binn. 139; Roberjot v. Mazurie, 14 S. & R. 42; Boshart v. Evans, 5 Whart. 551; Shalters v. Ladd, 163 Pa. 509.

The presumption is in favor of equality as between those standing in the same relation to the testator: Roats's Est., 14 Pa. Dist. Rep. 767.

*Martin J. Wade,* with him *Joseph Knox Fornace* and *George P. Grosch,* for appellees.—It is the established rule not to dis-

turb the dispositions of a will further than is absolutely necessary for the purpose of giving effect to the codicil: Whelen's Est., 175 Pa. 23; Lewis's App., 108 Pa. 133; Spang v. Hill, 2 Woodward, 45; Sheetz's App., 82 Pa. 213.

The intention is to be ascertained from the words if of certain, definite meaning: Moran v. Moran, 104 Iowa, 212 (73 N. W. Repr. 617); Jordan v. Woodin, 93 Iowa, 453 (16 N. W. Repr. 948); Gilmore v. Jenkins, 129 Iowa, 686 (106 N. W. Repr. 193); Young's Est., 123 Cal. 337 (55 Pac. Repr. 1011); Senger v. Senger, 81 Va. 687; Bingel v. Volz, 142 Ill. 214 (31 N. E. Repr. 13), 16 L. R. A. 321.

PER CURIAM, March 28, 1910:

The testator, by the fifth clause of his will, gave his residuary estate to his executors in trust, directing them, inter alia, as follows: "To pay from the said net income unto each of my brothers and sister who shall survive me, an annuity or yearly sum of Six thousand dollars, in quarterly payments, in each and every year from the time of my decease, for and during all the terms of their natural lives, respectively; upon the decease of any of my said brothers and sister, the payment of the said annuity or yearly sum shall cease and end, so far as concerns the one or those so dying.

"To set apart as many sums of Twenty thousand dollars as I shall leave nephews and nieces surviving me (such nephews and nieces being the children of any of my brothers or sister who shall have died in my lifetime) and to pay the net income from each of the said sums of Twenty thousand dollars in quarterly payments in each and every year from the time of my decease unto the said nephews and nieces for and during all the term of their natural lives respectively.

"From and immediately after the decease of each of my brothers and sister who shall survive me, to set apart so many further sums of Twenty thousand dollars, as I may leave surviving me, nephews and nieces, children of my said brothers and sister who shall so survive me, and to pay unto each of my said nephews and nieces, the net income and interest of each of the sums of Twenty thousand dollars in quarterly pay-

ments, in each and every year from the time of the decease of their father or mother, being my brothers or sister, as aforesaid, for and during all the term of their natural lives respectively."

The foregoing was modified by the following codicil: "Whereas, in and by the fifth clause of my said will, I did give devise and bequeath all the rest, residue and remainder of my estate, real, personal and mixed, whatsoever and wheresoever, unto my executors thereinafter named, to hold the same In Trust, to collect the rents, interests and income thereof, and after deducting all necessary and proper expenses, inter alia, 'To pay from the said net income unto each of my brothers and sister who shall survive me, an annuity or yearly sum of Six thousand dollars, in quarterly payments, in each and every year from the time of my decease, for and during all the term of their natural lives, respectively; upon the decease of any of my said brothers and sister, the payments of the said annuity, or yearly sum shall cease and end, so far as concerns the one or those so dying.'

"Now I do hereby change alter and amend the above recited and quoted provisions of the fifth clause of my said will in manner following, so that the said provisions shall read as follows:—'To pay from the said net income unto each of my brothers and sister who shall survive me, an annuity or yearly sum of Six thousand dollars, in quarterly payments, in each and every year from the time of my decease, for and during all the term of their natural lives, respectively; upon the decease of each of my said brothers leaving a widow him surviving, or in the event of the death of either of my brothers in my lifetime leaving a widow him surviving, then to pay over out of the said net income unto the widow of such deceased brother, the annuity or yearly sum of Four thousand dollars, in quarterly payments in each and every year from the time of the decease of my said brothers who may survive me, or from the period of my own death, should said brothers die before me leaving widows, for and during all the term of the natural lives of said widow or widows respectively; upon the decease of any of my said brothers and their widows, and of my said sister as afore-

said, the payment of the said annuity or yearly sum shall cease and end, so far as concerns the one or those so dying.'

"And whereas, in and by the said fifth clause of my said will I did will and direct as follows, to wit: 'From and immediately after the decease of each of my brothers and sister who shall survive me, to set apart so many further sums of Twenty thousand dollars, as I may leave surviving me nephews and nieces, children of my said brothers and sister who shall so survive me, and to pay unto each of my said nephews and nieces, the net income and interest of each of the sums of Twenty thousand dollars in quarterly payments in each and every year from the time of the decease of their father or mother, being my brothers or sister as aforesaid, for and during all the term of their natural lives, respectively.'

"Now I do hereby change, alter and amend the last above recited and quoted provision of the fifth clause of my said will, in manner following, so that the said provision shall read, as follows: 'From and immediately after the decease of each of my brothers and their widows who shall survive me, respectively, I direct my executors to set apart so many further sums of Twenty thousand dollars as I may leave surviving me, nephews and nieces, children of my said brothers who shall survive me, and to pay unto each of my said nephews and nieces, the net income and interest of each of the sums of Twenty thousand dollars in quarterly payments in each and every year from the time of the decease of their fathers, being my brothers, as aforesaid, and the widows of my said brothers, for and during all the term of their natural lives respectively, it being my intention, however, that these provisions shall in no event take effect until after the death of both parents of my said nephews and nieces, children of my said brothers and sister, respectively.' In all other respects I hereby ratify and confirm my said last will and testament as written."

One of the testator's brothers survived him. Another died in his lifetime, leaving to survive him a widow and five sons. The widow receives her annuity under the codicil, and her five sons claim that, under the fifth clause of the will, they are each entitled to the income from $20,000, although their

mother is at the same time receiving her annuity; and the court below so held. If sons and daughters of a brother dying after the testator and leaving a widow, to enjoy the annuity of $4,000, are not to receive anything until after her death, while their cousins, children of an uncle who died before the testator, are to enjoy an income during the lifetime of their mother, while she is enjoying an annuity, this apparent inequality was created by the testator himself. It would be a work of supererogation to enter upon any discussion of his intention, so clearly expressed, that the children of a brother who died in his lifetime should take income from the time of his death. The provision made for the children of a brother who might die in his lifetime remains unchanged by the codicil, for the testator distinctly says so. The only change he makes as to the enjoyment by nephews and nieces of income from his estate is that the children of a brother who shall survive him shall not enjoy such income until after the death of both their father and mother. Nothing at all is said as to the provision in the fifth clause of the will for children of a brother who might die in the lifetime of the testator, and the concluding words of the codicil are: "In all other respects I hereby ratify and confirm my said last will and testament."

No rule of construction is to be applied to the testator's will on the question raised by the appellants, for as to it the will construes itself, and the court below but followed its self-construction in directing that the appellees be paid income from the time of their uncle's death.

Appeal dismissed at appellants' costs.